UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEFFREY T.,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. 18-657-MLP

**ORDER**

## I.     INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred in discounting a medical opinion, and in discounting his testimony. (Dkt. #10 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.     BACKGROUND

Plaintiff was born in 1965, has a high school diploma and some vocational training in building maintenance, and has worked as a building maintenance mechanic, helicopter mechanic, driver, and temporary laborer. AR at 35, 241-49. Plaintiff was last gainfully employed in September 2011. AR at 189.

On February 26, 2015, Plaintiff protectively applied for benefits, alleging disability as of

ORDER - 1

September 1, 2011.[1]  AR at 62, 146-51.  Plaintiff's applications were denied initially and on reconsideration, and he requested a hearing.  AR at 83-86, 90-98.  After the ALJ conducted a hearing on January 12, 2017 (AR at 28-61), the ALJ issued a decision finding Plaintiff not disabled.  AR at 13-23.

Utilizing the five-step disability evaluation process,[2] the ALJ found:

Step one:  Plaintiff has not engaged in substantial gainful activity since February 26, 2015.

Step two:  Plaintiff's rheumatoid arthritis and status post bilateral carpal tunnel release are severe impairments.

Step three:  These impairments do not meet or equal the requirements of a listed impairment.[3]

Residual Functional Capacity ("RFC"):  Plaintiff can perform light work with additional limitations: he can occasionally climb ladders and scaffolds, and frequently climb ramps or stairs.  He can perform work without concentrated exposure to extreme cold, vibration and hazards.  He can frequently handle and finger with the dominant right hand, and can occasionally handle with the non-dominant left hand.

Step four:  Plaintiff cannot perform past relevant work.

Step five:  As there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform, he is not disabled.

AR at 15-22.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision.  AR at 1-6.  Plaintiff appealed the final decision of the Commissioner to this Court.

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

---

[1] Plaintiff subsequently amended his alleged onset date to February 26, 2015.  AR at 160.
[2] 20 C.F.R. §§ 404.1520, 416.920.
[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. The ALJ Did Not Err in Discounting Dr. Yuen's Opinion

Dr. Yuen completed a DSHS physical evaluation form in October 2016, indicating that Plaintiff could not perform even sedentary work due to his rheumatoid arthritis. AR at 350-52. Specifically, Dr. Yuen found that Plaintiff's rheumatoid arthritis left him unable to sit, stand, walk, lift, carry, handle, push, pull, reach, stoop, or crouch. AR at 351.

The ALJ summarized Dr. Yuen's opinion and found that it did not reflect the improvement Plaintiff experienced via medication, as documented in the treatment record. AR

at 20-21. The ALJ also referenced Dr. Yuen's own findings that Plaintiff had only mild rheumatoid arthritis with tenderness in his hands and fingers, but no swelling, diminished strength, or other joint limitations. AR at 21. Finally, the ALJ found that Dr. Yuen's opinion that Plaintiff could not stand or walk was entirely unsupported in the record, and suggests "carelessness in filling out the evaluation." AR at 21.

Plaintiff argues that the ALJ's reasons for rejecting Dr. Yuen's opinion about his limitations as to lifting, carrying, handling, pushing, and pulling are not legally sufficient.

1. *Legal Standards*

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes*, 881 F.2d at 751; *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his/her conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

2. *Dr. Yuen's Opinion*

Plaintiff argues that contrary to the ALJ's finding, he did not experience improvement in the use of his hands and wrists with treatment, as evidenced by Dr. Yuen's repeated medication adjustments and notations indicating tenderness. (Dkt. 10 at 4-8.) It is true that Dr. Yuen continued to adjust Plaintiff's medications to mitigate side effects, and did document Plaintiff's reports of tenderness, but that evidence does not necessarily suggest that Plaintiff could not perform *any* lifting, carrying, handling, pushing, pulling, or reaching, as Dr. Yuen concluded. As noted by the Commissioner, Dr. Yuen's opinion describes Plaintiff's rheumatoid arthritis as "moderate to severe," but his contemporaneous and recent treatment notes describe Plaintiff's rheumatoid arthritis symptoms as "mildly active" and "improving," with "mild" hand and wrist joint tenderness. *Compare* AR at 351 *with* AR at 366, 368, 371-73, 379-80.

Furthermore, as noted by the ALJ, Dr. Yuen's treatment notes indicate that despite the mild tenderness in his upper extremity joints, Plaintiff experienced no loss of range of motion or strength, and did not have swelling. *See, e.g.*, AR at 366, 372. Dr. Yuen's treatment notes are consistent with the ALJ's RFC assessment, which limits Plaintiff to light work and frequent handling/fingering with his dominant right hand and occasional handling with his left hand. AR at 17. The ALJ reasonably found Dr. Yuen's treatment notes to be inconsistent with his opinion, and did not err in discounting his opinion on that basis. *See Thomas*, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

Moreover, as noted by the ALJ, Dr. Yuen's inclusion of entirely unsupported limitations unrelated to his treatment of Plaintiff's rheumatoid arthritis casts doubt on the reliability of his entire opinion. Plaintiff does not appear to dispute that the ALJ properly failed to account for the

ORDER - 5

limitations identified by Dr. Yuen that do not pertain to his upper extremities (i.e., the sitting, standing, walking, stooping, and crouching restrictions), and this selective challenge undermines Plaintiff's argument. If the ALJ correctly found that Dr. Yuen was careless in completing his form opinion, then that carelessness infects the entire opinion, not only the portions that Plaintiff does not challenge.

Plaintiff also argues that the ALJ erred in failing to apply the "appropriate factors" set out in the regulations regarding how ALJs should weigh medical opinions. (Dkt. 10 at 9-10 (citing *Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017)).) Specifically, Plaintiff argues that the regulations provide that Dr. Yuen's opinion should have been given more weight due to Dr. Yuen's status as a treating physician and a specialist. *See* 20 C.F.R. § 416.927(c). Although the regulations do indicate that the length of a treating relationship as well as the relevant of a provider's specialty generally weigh in favor of assigning more weight to a medical opinion, the regulations do not indicate that an ALJ *must* credit every treating specialist's opinion. *See id*. Indeed, the ALJ noted that an opinion written by a claimant's treating rheumatologist would ordinarily be entitled to great weight, but that other Section 927(c) factors — namely supportability and consistency — suggest that the opinion is entitled to less weight. AR at 20. This assessment is entirely consistent with the regulations and applicable case law. [4]  *See, e.g.*,

---

[4] To the extent that Plaintiff suggests that the ALJ erred in failing to explicitly discuss each factor listed in Section 927(c) (dkt. 17 at 5-6), Plaintiff is mistaken. The ALJ must consider those factors, but a discussion of each factor is not necessary. *See Kelly v. Berryhill*, 732 Fed. Appx. 558, 562-63 n.4 (9th Cir. May 1, 2018) (clarifying *Trevizo*, 871 F.3d at 676). In this case, the ALJ's discussion of Dr. Yuen's opinion demonstrates a consideration of the Section 927(c) factors because the ALJ weighed Dr. Yuen's treating relationship and specialty against the unsupportability of his conclusions and the degree to which they were inconsistent with the record. AR at 20-21. That the ALJ found that Dr. Yuen's opinion was too extreme, yet accounted for some of degree of the restrictions he identified in the RFC assessment, suggests that the ALJ appropriately considered the Section 927(c) factors. *See, e.g.*, *Nicholl v. Berryhill*, 2018 WL 3702296, at *9 (C.D. Cal. Aug. 2, 2018) (distinguishing *Trevizo*, 871 F.3d at 676).

*Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming the ALJ's rejection of a medical opinion where "the ALJ noted that some of [the treating physician's] recommendations were so extreme as to be implausible and were not supported by any findings made by any doctor, including [the treating physician]").

Because the ALJ provided multiple specific and legitimate reasons to discount Dr. Yuen's opinion, her assessment of the opinion is affirmed.

**B. The ALJ Did Not Err in Discounting Plaintiff's Subjective Testimony.**

The ALJ discounted Plaintiff's subjective testimony because (1) the medical record contained objective findings suggesting that Plaintiff's limitations were not as severe as he alleged; and (2) the treatment notes indicated that Plaintiff experienced improvement with medication, and his remaining symptoms were less severe than alleged. AR at 18-20. Plaintiff argues these reasons are not legally sufficient, and the Court will consider each reason in turn.

1. *Legal Standards*

It is the province of the ALJ to determine what weight should be afforded to a claimant's testimony, and this determination will not be disturbed unless it is not supported by substantial evidence. A determination of whether to accept a claimant's subjective symptom testimony requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). First, the ALJ must determine whether there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen*, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are unsupported by objective medical evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *Reddick*, 157 F.3d at 722.

Absent affirmative evidence showing that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony.[5] *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina*, 674 F.3d at 1112). *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). When evaluating a claimant's subjective symptom testimony, the ALJ must specifically identify what testimony is not credible and what evidence undermines the claimant's complaints; general findings are insufficient. *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722.

2. *Objective Findings*

Plaintiff notes that an ALJ may not discount a claimant's subjective statements solely based on lack of corroboration in the objective medical record. (Dkt. 17 at 1.) That may be true, but an ALJ does not err in considering the degree to which the objective record is consistent with a claimant's statements, along with other factors pertaining to the reliability of a claimant's statements. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."); SSR 16-3p, 2017 WL 5180304, at *5 (Oct. 25, 2017) ("A report of minimal or negative findings or inconsistencies in the objective medical evidence is one of the many factors we must consider in evaluating the intensity, persistence, and limiting effects of an individual's symptoms.").

Plaintiff complains that the ALJ acknowledges the existence of his rheumatoid arthritis

---

[5] In Social Security Ruling ("SSR") 16-3p, the Social Security Administration rescinded SSR 96-7p, eliminated the term "credibility" from its sub-regulatory policy, clarified that "subjective symptom evaluation is not an examination of an individual's character[,]" and indicated it would more "more closely follow [its] regulatory language regarding symptom evaluation." SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility, however.

ORDER - 8

and carpal tunnel symptoms at step two, and yet rejects his description of those symptoms as not credible. (Dkt. 17 at 1-2.) This is not internally inconsistent, however, as Plaintiff suggests: at step two, the ALJ considers whether a claimant's medically determinable impairments are severe, and then in crafting the RFC the ALJ describes the most the claimant can do despite the credible limitations caused by the medically determinable impairments. *See* 20 C.F.R. § 416.945(a). Plaintiff cites no authority requiring an ALJ to credit every alleged limitation caused by an impairment found to be medically determinable, and the Court is not aware of any. The ALJ did not err in considering whether the objective findings contained in the medical record were consistent with Plaintiff's allegations, and accounting for his symptoms only to the degree supported by the record. *See* 20 C.F.R. § 416.1529(c)(4) ("We will consider your statements about the intensity, persistence, and limiting effects of your symptoms, and we will evaluate your statements in relation to the objective medical evidence and other evidence, in reaching a conclusion as to whether you are disabled. We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence, including your history, the signs and laboratory findings, and statements by your medical sources or other persons about how your symptoms affect you.").

   3. *Evidence of Improvement*

  The ALJ summarized treatment notes indicating that Plaintiff's symptoms improved with medication. AR at 18-20. Plaintiff disputes whether the record shows improvement, particularly with his pain and fatigue. (Dkt. 10 at 11-12.) Plaintiff emphasizes that Dr. Yuen continued to prescribe pain medication, despite purported improvement of his symptoms. (Dkt. 17 at 2-3.) Plaintiff fails to address the multiple times he reported to Dr. Yuen that his symptoms were

ORDER - 9

| | |
|---|---|
| 1 | improved and he was doing better.  *See, e.g.*, AR at 371 (Plaintiff reports that "[o]verall, he feels |
| 2 | as though he is doing better"), 375 (Plaintiff reports that his agitation and irritability were "much |
| 3 | decreased" and his sleep was "much improved" with treatment and medication), 378 (Plaintiff |
| 4 | reports that his mood, sleep, agitation, and irritability were "markedly improved" with treatment |
| 5 | and medication), 379 (Plaintiff reports that his joint pain "decreased significantly" with |
| 6 | medication), 397 (Plaintiff reports "significant improvement in his joint symptoms").  These |
| 7 | treatment notes constitute substantial evidence that support the ALJ's decision, and the ALJ did |
| 8 | not err in discounting Plaintiff's allegations of more severe symptoms and limitations.  *See* |
| 9 | *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999) (affirming the |
| 10 | ALJ's discounting of plaintiff's allegations because, contrary to plaintiff's claims of lack of |
| 11 | improvement, a physician reported that his symptoms improved with use of medication). |
| 12 | Because the ALJ provided clear and convincing reasons to discount Plaintiff's |
| 13 | allegations, the ALJ's assessment of Plaintiff's testimony is affirmed. |

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

DATED this 22nd day of March, 2019.

*/s/ Michelle L. Peterson*

MICHELLE L. PETERSON
United States Magistrate Judge